UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
TRUSTEES OF LOCAL 371 UNITED FOOD
AND COMMERCIAL WORKERS UNION
AMALGAMATED WELFARE TRUST FUND and
LOCAL 371, UNITED FOOD AND COMMERCIAL
WORKERS UNION,

    Docket No.: 3:18 CV 1729

                Plaintiffs,

    -against-

WHITNEY MANOR OPERATING COMPANY, LLC

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

    Plaintiffs Trustees (the "Fund Trustees") of Local 371 United Food and Commercial Workers Union Amalgamated Welfare Trust Fund (the "Fund"), and Local 371, United Food and Commercial Workers Union ("Local 371")(collectively, referred to as "Plaintiffs"), by and through their counsel, Rivkin Radler LLP and John J. Radshaw III, Esq., as and for their Complaint against Defendant Whitney Manor Operating Company, LLC ("Defendant" or "Whitney Manor"), hereby allege as follows:

**NATURE OF THE ACTION**

    1.    Plaintiffs bring this action for monetary damages and injunctive relief pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132 and 1145)("ERISA"), as well as Section 301 of the Labor Management Relations Act of 1947 (29 U.S.C. § 185)(the "LMRA"), based on Defendant's violation of its statutory and contractual obligations to (i) contribute to the Fund pursuant to a collective bargaining agreement,

and (ii) remit dues checkoffs and initiation fees to Local 371 that Defendant actually deducted from the wages paid to its employees who authorized the deduction in writing.

## THE PARTIES

2.      Plaintiff Fund Trustees are the trustees of the Fund, a jointly-administered, multi-employer welfare fund that has been established and maintained pursuant to collective bargaining agreements between Local 371 and various employers in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). The Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3), and 502(d)(1) of ERISA, 29 U.S.C. §§1002(2), (3) and 1132(d)(1), and is a multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Fund Trustees are fiduciaries within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§ 1002(21) and 1132, and bring this action in their fiduciary capacity. The Fund maintains its offices at, and is administered from, 290 Post Road West, Westport Connecticut 06881.

3.      Plaintiff Local 371 is a labor organization within the meaning of Section 3 of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA") (29 U.S.C. §402), which represents employees in an industry affecting commerce as defined in Section 501 of the Labor Management Relations Act of 1947 (29 U.S.C. §142) and Section 3(4) of ERISA (29 U.S.C. §1002(4)). Local 371 maintains its offices and principal place of business at 290 Post Road West, Westport Connecticut 06881.

4.      Whitney Manor is a Connecticut limited liability company with its principal place of business at 2798 Whitney Avenue, Hamden, Connecticut.  Defendant is an "Employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§1002(5) and 1145), and was and is

2

an Employer in an industry affecting commerce within the meaning of LMRA Section 501 (29 U.S.C. §142).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to: (i) Section 502(e)(1) and 502(f) of ERISA (29 U.S.C. §1132 (e)(1) and §1132(f); (ii) Section 301 of the LMRA (29 U.S.C. § 1985); (iii) 28 U.S.C. § 1331; (iv) 28 U.S.C. § 1337; and (v) 28 U.S.C. § 1367.

6. Venue properly lies in this district under section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)). Service of process may be made on the Defendant in any District in which it may be found, pursuant to section 502(e)(2) of ERISA (29 U.S.C. §1132 (e)(2)).

## ALLEGATIONS COMMON TO ALL CLAIMS

7. The Fund exists to provide hospitalization, major medical, pharmaceutical and other welfare benefits to eligible employees.

8. Employers, such as Defendant, contribute to the Fund on behalf of eligible employees pursuant to collective bargaining agreements between the employers and Local 371. Without the requisite contributions from employers such as Defendant, the Fund would be unable to provide eligible employees with needed welfare benefits.

9. At all relevant times herein, Defendant has been a party to and bound by a collective bargaining agreement with Local 371 (the "CBA"), which remains in full force and effect. By its actions, Defendant has manifested its specific intent to be bound by the CBA.

10. Pursuant to the CBA, Defendant is obligated to make monthly health and welfare contributions to the Fund for all eligible employees, and remit dues checkoffs and initiation fees

to Local 371 that are deducted from the wages paid to employees who authorize said deductions in writing.

11. Local 371 has performed all of its obligations under the CBA.

12. Local 371 has provided Defendant with all of the information necessary to permit Defendant to: (i) make the requisite monthly health and welfare contributions to the Fund for all eligible employees, (ii) submit the required remittance reports to the Fund, and (iii) remit the employee dues and initiation fees to Local 371.

13. Despite due demand, Defendant failed to make the required monthly health and welfare contributions to the Fund for the months of June 2018, July 2018, September 2018 and October 2018

14. Despite due demand, Defendant has also not remitted to Local 371 the required dues checkoffs for the months of July 2018, September 2018 and October 2018.

15. With respect to health and welfare contributions, Defendant is delinquent to the Fund in an amount to be determined at trial, but exceeding $175,130.00.

16. With respect to the dues, Defendant has failed to remit to Local 371 an amount to be determined at trial but exceeding $12,104.84.

17. By failing, refusing or neglecting to pay and/or submit the required monetary contributions and complete and forward the remittance report, Defendant has violated its obligations under the CBA and has also violated ERISA.

18. By failing, refusing or neglecting to pay and/or submit the required dues remittances Local 371, Defendant has violated its obligations under the CBA.

19. The history of Defendant's non-payment is well documented in this District. For example, in early 2017, Plaintiffs were required to bring suit, including a prejudgment remedy, against Defendant to collect unpaid ERISA contributions. *See* <u>Trustees of Local 371 United Food and Commercial Workers Union Amalgamated Welfare Trust Fund and Local 371, United Food and Commercial  Workers Union v. Whitney Manor Operating Company, LLC</u>, 3:17 CV 0050 (RNC).

20. On March 22, 2018, Plaintiffs filed an additional lawsuit as well as an OTSC seeking a prejudgment remedy, against Defendant to collect unpaid ERISA contribution. See <u>Trustees of Local 371 United Food and Commercial Workers Union Amalgamated Welfare Trust Fund and Local 371, United Food and Commercial  Workers Union v. Whitney Manor Operating Company, LLC</u>, 3:18 CV 00490 (JBA). The 2018 action was resolved pursuant to a so-ordered stipulation of settlement (the "Stipulation"), which (i) established a payment schedule for prior delinquencies, and (ii) required the Defendant to "timely pay to the Fund, contributions for eligible employees for the period April 1, 2018 going forward on or before the 10th day of the month for the month for which the contributions are due." (A copy of the stipulation is attached as Exhibit "1" – <u>see</u> ¶5).

21. Furthermore, paragraph 6 of the Stipulation states:

> In the event that Whitney Manor (i) defaults in making any of the payments required under either paragraph 2 or paragraph 5 of this Stipulation (hereinafter "Default"), and fails to cure the Default within ten (10) days after receipt of written notice, or (b) fails to fulfill its obligations as required under paragraphs 2, 3, or 4 of this Stipulation, and fails to cure those obligations within five (5) days after receipt of written notice, then Plaintiffs shall be entitled to enter judgment against Whitney Manor in the amount of all outstanding payments then due and owing under this Agreement, plus liquidated damages representing twenty (20%) percent of the total amount then due and owing under this Agreement. (See Exhibit "1" at ¶6)

22. Defendant has failed, neglected and/or or refused to pay the sums due to the Fund as required by the CBA and the Stipulation despite due demand. As a result of the repeated failure by Defendant to make the required contributions, Plaintiffs are entitled to judgment as a matter of law for injunctive, declaratory and monetary relief.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Violation of ERISA – Sections 502 and 515)**

23. Plaintiffs incorporate, as though fully set forth herein, each and every allegation in paragraphs 1 through 22 above.

24. Section 515 of ERISA requires every employer that is obligated to make contributions to a benefit plan under the terms of a collective bargaining agreement to make such contributions in accordance with the terms and conditions of the plan or the agreement.

25. Section 502 of ERISA permits, among other things, plan fiduciaries, such as Plaintiffs Fund Trustees herein, to bring an action to redress violations of Section 515 of ERISA.

26. As a result of work performed pursuant to the CBA by Defendant's employees, Defendant became obligated to make contributions to the Fund during the period between June 2018 through October 2018 in an amount to be established at trial, but exceeding $212,910.00.

27. There is an amount due to the Fund for contributions for the month of June 2018 through October 2018 in an amount to be established at trial but exceeding $212,910.00. To date, only $44,895.00 of the contributions contractually due to the Fund for the June 2018 through October 2018 period has been paid, although all contributions are due and have been duly demanded.

28. Defendant's failure to make such contributions constitutes a violation of the CBA as well as Section 515 of ERISA.

29. Accordingly, pursuant to the CBA and Sections 502 and 515 of ERISA, Defendant is liable to the Fund for the following:

(i) benefit contributions due to the Fund in an amount to be established at trial, but exceeding $168,015.00;

(ii) liquidated damages in an amount equal to 20% of the unpaid contributions;

(iii) interest on the unpaid contributions at the rate set forth in the United States Internal Revenue Code (26 U.S.C. § 6621); and

(iv) reasonable attorneys' fees, costs and disbursements incurred in the prosecution of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(LMRA §301 - Breach of Contract – Fund Contributions)**

30. Plaintiffs incorporate, as though fully set forth herein, each and every allegation in paragraphs 1 through 29 above.

31. The CBA constitutes a binding and enforceable contract between Local 371 and Defendant.

32. Local 371 and Defendant intended that the Fund be a third-party beneficiary of the CBA, inasmuch as – among other things – the CBA requires Defendant to remit health and welfare contributions to the Fund.

33. As a result of work performed pursuant to the CBA by Defendant's employees, Defendant became obligated to make contributions to the Fund during the period June 2018 through October 2018, in an amount to be established at trial, but exceeding $212,910.00.

34. There is an amount due to the Fund for contributions for the month of June 2018 through October 2018 in an amount to be established at trial but exceeding $212,910.00. To date, only $44,895.00 of the contributions contractually due to the Fund for the June 2018 through

October 2018 period has been paid, although all contributions are due and have been duly demanded

35. The failure of Defendant to make the required contributions to the Fund constitutes a breach of the CBA.

36. As a result of the Defendant's breach of the CBA, the Fund has been damaged in an amount to be determined at trial, but exceeding $168,015.00.

### AS AND FOR A THIRD CLAIM FOR RELIEF
### (LMRA §301 – Dues and Initiation Fees)

37. Plaintiffs repeat and reallege each and every allegation contained in the paragraphs marked and designated 1 through 36 of this Complaint, as if fully set forth herein.

38. Pursuant to the CBA, Defendant, *inter alia*, became obligated to deduct dues check-offs and initiation fees from the wages paid to Defendant's employees performing work within the trade and geographical jurisdictions of the Union who authorize such deduction in writing.

39. Pursuant to the Agreement and as a result of work performed by Defendant's employees who authorized said deduction in writing, there were dues check-offs and initiation fees deducted from the wages of Defendant's employees for July 2018, September 2018 and October 2018 (through 10-19-18) in an amount to be established at trial, but believed to exceed $12,104.84.

40. No part of the dues check-offs and initiation fees contractually due to the Union for July 2018 and September 2018 has been paid by Defendant, although duly demanded.

41. Accordingly, Defendant is liable to Local 371 in an amount to be established at trial, but believed to exceed $12,104.84 representing dues check-offs and initiation fees for July 2018, September 2018 and October 2018 (through 10-19-18), together with any and all additional

amounts determined to be due and owing, interest on the unpaid amounts, and attorneys' fees, costs and disbursement incurred in the action.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
**(Claim For Injunctive Relief Pursuant To ERISA)**

42. Plaintiffs incorporate, as though fully set forth herein, each and every allegation in paragraphs 1 through 41 above.

43. Pursuant to Section 209 of ERISA, Defendant is required, among other things, to maintain adequate records regarding the hours worked by its employees for whom fringe benefit contributions have accrued and/or are required to be paid over to the Fund.

44. Defendant is obligated to provide Plaintiffs with information necessary to determine Defendant's compliance with its obligations under the CBA.

45. Pursuant to Section 502 of ERISA, and the CBA, Plaintiffs are entitled to an Order compelling Defendant to produce to Plaintiff the remittance reports for June 2018 through August 2018 and to the Plaintiffs' auditors all books and records necessary to permit Plaintiffs' auditors to conduct a payroll audit and an Order imposing liability for all unpaid benefit contributions that are reported by such audit, plus interest, audit fees, costs, disbursements, and reasonable attorneys' fees.

**WHEREFORE**, Plaintiffs demand that a Judgment be entered against the Defendant, as follows:

A. on the First Cause of Action, an amount to be established at trial, but believed to presently exceed $168,015.00 plus liquidated damages in an amount equal to 20% of the unpaid contributions, interest on the unpaid contributions as well as attorneys' fees, costs and disbursements incurred in the prosecution of this action;

  B. on the Second Cause of Action, an amount to be established at trial, but believed to presently exceed $168,015.00 plus liquidated damages in an amount equal to 20% of the unpaid contributions, interest on the unpaid contributions as well as attorneys' fees, costs and disbursements incurred in the prosecution of this action;

  C. on the Third Cause of Action, damages in favor of Local 371 in an amount to be established at trial, but believed to exceed $12,104.84, representing non-remitted dues and initiation fees for July 2018, September 2018 and October 2018 (through 10-19-18), as well as those which accrue during the pendency of this action, plus attorneys' fees, costs and disbursements incurred in the prosecution of this action;

  D. on the Fourth Cause of Action, compelling Defendant to produce to Plaintiffs' auditors all books and records necessary to permit Plaintiffs' auditors to conduct a payroll audit and to impose liability on Defendant for all benefit contributions determined to be unpaid by such audit, plus interest, audit fees, costs, disbursements, and reasonable attorneys' fees; and

  E. for such other and further relief as to the Court may seem just and proper.

Dated: October 18, 2018

            RIVKIN RADLER LLP

            Barry I. Levy (CT 25595)
            926 RXR Plaza
            Uniondale, New York 11556
            (516) 357-3000 | 516) 357-3333 (fax)

             -and-

            John J. Radshaw III (CT 19882)
            900 Chapel Street, Suite 620
            New Haven, Connecticut 06510
            (203) 654-9695 | (203) 721-6182 (fax)

            *Counsel for Plaintiffs, Trustees of Local 371*
            *United Food and Commercial Workers Union*
            *Amalgamated Welfare Trust Fund and United*
            *Food and Commercial Workers Union, Local 371*